**UNITED STATES of America, Appellee,**

v.

**Robert Leo PARKS, Appellant.**

**No. 11381.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 5, 1967.

Decided Oct. 25, 1967.

Norman Bryant Kellum, Jr., New Bern, N. C., for appellant.

Gerald L. Bass, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Six men were indicted for theft of government property at Camp Lejeune, North Carolina. Some of them entered guilty pleas, but Parks entered a plea of not guilty. Tried to the Court without a jury, he was convicted, and he now appeals, contending that the evidence was insufficient to support a conviction.

The evidence disclosed that some of the codefendants broke into a salvage yard at Camp Lejeune and loaded a pickup truck with copper, brass, and aluminum articles. The pickup truck belonged to Parks, a dealer in such items. He had brought his truck some one hundred miles to that area in response to a telephone conversation that Sunday evening. Parks left his home sometime after 9:00 o'clock Sunday night, and the theft was effected shortly after 3:00 o'clock early on Monday morning.

Parks was observed by law enforcement officers in an automobile parked on the side of a highway. He explained that the automobile belonged to another who had his pickup truck and was to meet him there. It is clear that this was the rendezvous spot at which Parks was to resume possession of his truck, now loaded with the stolen goods, for the purpose of a return to his home and place of busi-

ness and for subsequent sale of the goods by him.

It is contended that there was no direct evidence that Parks knew that the goods to be loaded on his truck were to be stolen and not purchased, but the circumstantial evidence is quite sufficient to support the inference that he did. Looking especially at the time of night, the remote spot selected for the exchange of the vehicles, and the fact that Parks disassociated himself from the physical act of obtaining the articles and loading his pickup truck,* the circumstances point strongly to the defendant's knowledge and guilt.

Affirmed.

---

* If the goods were to be purchased from a local owner, there would have been no reason for Parks not to have driven his own truck to the place of their location.